B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| **PLAINTIFFS** JORGE D. CARRERA DEL MORAL REPRESENTED BY WILFREDO SEGARRA MIRANDA, CHAPTER 7 TRUSTEE | **DEFENDANTS** UBS FINANCIAL SERVICES, INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) MRO Attorneys at Law, LLC PO Box 367819, San Juan, PR 00936-7819 Tel. 787-227-7440 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Request for Turnover of Property pursuant to § 542

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 229,665.00 plus interest, fees and costs |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>JORGE D. CARRERA DEL MORAL || BANKRUPTCY CASE NO.<br>15-09198-BKT7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISIONAL OFFICE || NAME OF JUDGE<br>Hon. Brian K. Tester |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] ||||
| DATE<br>4/26/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Myrna L. Ruiz-Olmo, Esq. |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.
**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.
**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>JORGE D. CARRERA DEL MORAL<br><br>Debtor | Case No. 15-09198-BKT7<br><br>Chapter 7 |
| JORGE D. CARRERA DEL MORAL REPRESENTED BY WILFREDO SEGARRA MIRANDA, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>Defendant. | Adv. No.: |

## **COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of Jorge D. Carrera del Moral (the "Debtor"), Wilfredo Segarra Miranda (the "Trustee" or "Plaintiff"), and most respectfully states and prays:

### **The Parties**

1. On November 20, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7, Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Puerto Rico (the "Bankruptcy Court"), thereby commencing the instant Chapter 7 case, Case No. 15-9198-EAG7 (the "Bankruptcy Case").

2. On December 30, 2015, Plaintiff was duly appointed as the Chapter 7 Trustee of

this Bankruptcy Case [Dkt. No. 12].

3. Defendant UBS Financial Services, Inc. (hereinafter, "Defendant") is upon information and belief a corporation organized under the laws of the Commonwealth of Puerto Rico or licensed to conduct business in Puerto Rico.

## Jurisdiction and Venue

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This matter is a core proceeding pursuant to 28 U.S.C § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C §§ 1408 and 1409.

6. The Trustee has authority to file this adversary proceeding in accordance with Rules 6009 and 7001 *et seq.* of the Rules of Bankruptcy Procedure.

## General Allegations

7. At the time of the filing of the Bankruptcy Case, Debtor had funds in a money market account in Defendant's institution, specifically account M2 00727 42 (Plaintiff's "Account").

8. Defendant has withheld the amount of $229,665.00 from Plaintiff's Account. Trustee has made several extrajudicial efforts to collect the amounts withheld by Defendant, to no avail.

9. This action is brought on behalf of Plaintiff for the turnover of the property pursuant to section 542(b) of the Bankruptcy Code.

## Count I
### First Cause of Action – Request for Turnover of Property pursuant to § 542

10. Section 542(a) of the Bankruptcy Code provides:

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542

11. Pursuant to 11 U.S.C. §542(b), an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee.

12. Although Section 542 does not define the property subject to turnover, "the term is generally understood to mean "property of the estate", as defined in Section 541". Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶542.03[2] (16th ed. 2017).

13. Under the broad definition of property in 11 U.S.C. §541(a), a debtor's interest in an account receivable is property of the estate 11 U.S.C. § 541.

14. The Supreme Court has ruled that "§541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." United States v. Whiting Pools, Inc., 103 S. Ct. 2309 (1983). "Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced." Id.

15. "Section 542(a) requires an entity in possession of "property that the trustee may use, sell, or lease under section 363" to deliver that property to the trustee." Id.; See, Browenstein v. McCabe, 571 F.3rd 108 (1st Cir. 2009) ("This requires everyone holding property of the estate on the date of filing from which the trustee may benefit the estate under § 363 to deliver the property to the trustee.").

3

16. "These are actions instituted by the plaintiff trustee in bankruptcy to compel the turnover to him, pursuant to section 542(b) of the Bankruptcy Code, of amounts due the debtor which are, within the meaning of that section, "matured, payable on demand, or payable on order." Matter of Kakolewski, 29 B.R. 572 (1983).

17. Defendant's withheld monies in the amount of $229,665.00 are property the estate under the broad definition in 11 U.S.C. §541. The Trustee may use such property in the administration of the bankruptcy estate and distribution to unsecured creditors, and the property is not of inconsequential value or benefit to the estate.

18. Plaintiff has requested the turnover of said funds and the turnover has not been effected.

19. The debt is mature, undisputed, liquid, and payable on demand.

20. Defendant's debt with Debtor may not be offset.

21. Defendant is required to pay plaintiff $229,665.00, not including interests and other charges.

22. In the absence of payment by Defendant, Plaintiff requests the Court to enter an Order and/or any other relief it deems just and proper to ensure the payment by Defendant of the debt.

**WHEREFORE**, Trustee respectfully requests from this Honorable Court to compel Defendant to return the amount of $229,665.00, plus accrued interests under section 542(b), and to ensure the payment of the $229,665.00 with interests and other charges, and disbursements including, but not limited to, attorney fees incurred in the filing of this action pursuing the property of the estate, while granting any other relief it may deem proper.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participants of CM/ECF as well as the Office of the United States Trustee.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 26th day of April 2018.

                                          **MRO Attorneys at Law, LLC**
*Attorney for Chapter 7 Trustee*
*Wilfredo Segarra Miranda*
PO Box 367819
San Juan, PR 00936-7819
Tel. 787-237-7440
Email: mro@prbankruptcy.com
Web: www.prbankruptcy.com


 *s/ Myrna L. Ruiz-Olmo*
USDC-PR No. 223209

5